# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| PLEASANT VALLEY BIOFUELS, LLC<br>*Plaintiff*<br><br>v.<br><br>SANCHEZ-MEDINA, GONZALEZ,<br>QUESADA, LAGE, CRESPO, GOMEZ<br>& MACHADO LLP<br>*Defendant* | CASE NO:<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMAND** |

Plaintiff Pleasant Valley Biofuels, LLC ("Pleasant Valley"), by and through its undersigned counsel, files this complaint for damages against Defendant Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP ("Sanchez-Medina") and in support states as follows:

## INTRODUCTION

This lawsuit arises out of a loan that was never consummated. In 2011, Pleasant Valley had arranged to receive $7,000,000.00 worth of financing from a company called Quest Capital Finance, Inc. Quest held itself out to be a commodities and commercial lender that specialized in green energy lending. In connection with the financing, Pleasant Valley was required to post a deposit in the amount of $280,000.00 to secure the loan. This deposit was to be held in escrow until Quest had satisfied all conditions precedent under the various agreements governing the

transaction, at which point the deposit was to be released to Quest.  The parties retained Sanchez-Medina to serve as the escrow agent.  In September 2011, prior to Quest satisfying the conditions precedent and in contravention of the plain terms of the transaction documents, Sanchez-Medina released this deposit to Quest.  Subsequently, Quest failed to tender the $7,000,000.00 in financing and the deal failed to close.   When Pleasant Valley demanded Sanchez-Medina return its deposit, Sanchez-Medina – for the first time – informed Pleasant Valley that it had released the funds to Quest.  To date, Pleasant Valley has been unable to recoup its $280,000.00 deposit, which Sanchez-Medina wrongfully released to Quest.

## THE PARTIES

1.       Plaintiff, Pleasant Valley Biofuels, LLC, is a biodiesel refinery company based in Idaho.  The members of Pleasant Valley are citizens of Idaho.

2.       Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo Gomez & Machado LLP is Florida limited liability partnership and law firm based in Miami, Florida.  Sanchez-Medina served as the escrow agent in a contemplated transaction between Pleasant Valley and Quest.

## JURISDICTION & VENUE

3.       This is an action for damages in excess of $75,000.00.

4.       Subject matter jurisdiction exists under Title 28 U.S.C. §1332(a)(1), in that there is diversity of citizenship between Plaintiff and Defendant.

5.       Defendant is subject to personal jurisdiction in the State of Florida as it conducts continuous and systematic business activities within the State of Florida.

6.       Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is deemed to reside in this district for the purposes of venue.

## GENERAL ALLEGATIONS

7.      In 2011, Pleasant Valley sought financing to be used for working capital.

8.      Pleasant Valley and Quest engaged in discussions regarding such financing.

9.      On September 2, 2011, Quest issued a Letter of Intent to Pleasant Valley, setting forth details of a proposed financing package for a $7,000,000.00 loan.

10.      The Letter of Intent required that, in order for the transaction to proceed, Quest had to provide Pleasant Valley with an acceptable final commitment letter and a mutually agreed upon escrow agreement.

11.      As part of the loan transaction and in order to obtain the loan, Pleasant Valley was required to make a down payment of four percent of the loan, or $280,000.00 (the "Deposit"). Accordingly, an escrow agent was needed to hold the Deposit to ensure that Quest fulfilled all obligations under the proposed loan transaction before receiving the Deposit.

12.      Pursuant to the Letter of Intent, Quest arranged for Defendant Sanchez-Medina to serve as the escrow agent for the transaction.

13.      Pleasant Valley, Quest and Sanchez-Medina executed an Escrow Agreement, dated August 31, 2011 (the "Escrow Agreement").  A copy of the Escrow Agreement is attached as **Exhibit A**.

14.      After all parties signed the Escrow Agreement, the Deposit was transferred to Sanchez-Medina's trust account.

15.      Pursuant to Section 1.A of the Escrow Agreement, Sanchez-Medina agreed to hold the Deposit, and not disburse it to the lender, until the following Distribution Criteria had been satisfied:

    a.   Quest confirmed in writing to Pleasant Valley and Sanchez-Medina that the loan was approved and was not subject to any contingencies;

    b.   That all loan or transaction documents had been prepared and were fully executed and held in a pre-closing escrow by Quest;

    c.   That the first draw of funds for the loan was available and would be wire transferred to Pleasant Valley upon Quest's receipt of the required bank instrument ; and

    d.   That there were no impediments to proceeding with and closing the Loan.

16.    Section 1.A of the Escrow Agreement also required that the Lender issue a "written confirmation . . . that each of the [Disbursement Criteria] . . . have been satisfied" (the "Commitment Letter").

17.    On September 13, 2011, Quest issued a purported Commitment Letter to Pleasant Valley (the "Purported Commitment").[1]  The Purported Commitment was signed by Pleasant Valley and Quest, and a copy was provided to Sanchez-Medina.

18.    The Purported Commitment did not, however, contain any of the requisite Disbursement Criteria.  The Purported Commitment was not intended by the parties to serve as an authorization to Sanchez-Medina to disburse the Deposit.  Specifically, the Purported Commitment did not include any confirmation that:

    a.   The loan was approved and was not subject to any contingencies;

---

[1] The Purported Commitment contains a confidentiality provision.  Therefore, in an abundance of caution, Pleasant Valley has not attached the Purported Commitment as an Exhibit to this Complaint, but can submit it for *in camera* review or under seal upon  entry of a protective order.

b.  That the loan or transaction documents had been prepared and were fully executed and held in a pre-closing escrow by the lender;

c.  That the first draw of funds for the loan was then available and would be wire transferred to Pleasant Valley upon lender's receipt of the bank instrument; and

d.  That there were no impediments to proceeding with and closing the loan.

19.     Rather, the Purported Commitment indicated that these obligations remained outstanding and clearly stated that the Deposit was to be held by Sanchez-Medina until these obligations had been satisfied.

20.     In fact, at the time the Purported Commitment was issued by Quest on September 13, 2011, none of the Disbursement Criteria had been satisfied.  At that time, the loan was nowhere near ready for closing and Quest had multiple outstanding obligations to Pleasant Valley.

21.     At no time did the parties transmit to Sanchez-Medina any written confirmation that all of the Disbursement Criteria set forth in the Escrow Agreement had been met.

22.     In spite of this, without Pleasant Valley's knowledge or consent, Sanchez-Medina had the Deposit disbursed to the Quest on an unknown date, without any notification to Pleasant Valley.

23.     Pursuant to the terms of the Purported Commitment, Quest was under an obligation to close on the loan no later than November 30, 2011.  Quest failed to close on the loan by that deadline.

24.     During this time, given that the Disbursement Criteria remained unsatisfied, Sanchez-Medina was obligated to retain the Deposit in escrow and not release those funds to Quest.

25.     Further, pursuant to the terms of the Escrow Agreement, if Sanchez-Medina did not receive written confirmation that the Disbursement Criteria had been satisfied within ten days of receiving the commitment letter, then the Escrow Agreement was to automatically terminate and Sanchez-Medina was to refund the Deposit to Pleasant Valley.  Ex. B. at 2.

26.     On January 9, 2012 and again on February 8, 2012, Pleasant Valley issued a request for return of the Deposit.   Neither Sanchez-Medina nor Quest complied with that request.

## COUNT I
## BREACH OF CONTRACT

27.     Plaintiff realleges the foregoing as if fully set forth herein.

28.     The Escrow Agreement constitutes a valid and enforceable agreement between Pleasant Valley and Sanchez-Medina.

29.     Sanchez-Medina breached the contract by wrongfully disbursing the Deposit to Quest before confirming that Disbursement Criteria had been satisfied.

30.     In breaching the Agreement, Sanchez-Medina's conduct was utterly reckless.

31.     As a direct result of Sanchez-Medina's breach of the Escrow Agreement, Pleasant Valley has been damaged.

## COUNT II
## NEGLIGENCE

32.     Plaintiff realleges the foregoing as if fully set forth herein.

33.     As the escrow agent for the contemplated transaction between Quest and Pleasant Valley, Sanchez-Medina undertook to perform certain responsibilities in connection with the safekeeping of the Deposit.

34.     Based on its role as the escrow agent in the contemplated transaction, Sanchez-Medina owed a duty of care to Pleasant Valley.   Specifically, Sanchez-Medina was obligated to abide by the standards of care required by an escrow agent.

35.     By releasing the Deposit to Quest when the Disbursement Criteria had not been satisfied and failing to inform Pleasant Valley of this release until sometime thereafter, Sanchez-Medina breached this duty and otherwise failed to satisfy even the minimal standard of care necessary for an escrow agent.

36.     In releasing the Deposit, Sanchez-Medina's conduct was so reckless as to constitute a conscious disregard for or indifference to Pleasant Valley's legal rights.

37.     As a direct and proximate result of Sanchez-Medina's breaches of its duty of care, Pleasant Valley has been damaged.

## COUNT III
## BREACH OF FIDUCIARY DUTY

38.     Plaintiff realleges the foregoing as if fully set forth herein.

39.     As the escrow agent in the contemplated transaction, Sanchez-Medina was a fiduciary of both Quest and Pleasant Valley, and as such, owed Pleasant Valley fiduciary duties.

40.     Specifically, as an escrow agent, Sanchez-Medina owed Pleasant Valley a duty of loyalty, a duty to exercise utmost care and perform its obligations in strict compliance with the terms of the Escrow Agreement and a duty of full disclosure.

41.     Sanchez-Medina breached these duties by ignoring the clear directives of the Escrow Agreement, acting in manner inconsistent with the standard of conduct required for an escrow agent and failing to disclose its release of the Deposit to Pleasant Valley at the time such release occurred.

42.     By transferring the Deposit to Quest before confirming that the Disbursement Criteria had been met, and then failing to disclose that transfer to Pleasant Valley, Sanchez-Medina acted recklessly, in bad faith, in conscious disregard of the escrow instructions, and with extreme indifference with respect to Pleasant Valley's rights.

43.     As a direct and proximate result of Sanchez-Medina breaches of its fiduciary duties, Pleasant Valley has been damaged.

### COUNT IV
### UNJUST ENRICHMENT

44.     Pleasant Valley conferred an economic benefit on Sanchez-Medina.  Specifically, Pleasant Valley paid Sanchez-Medina a fee for its services.

45.     Sanchez-Medina failed to perform those services and Sanchez-Medina's actions have caused Pleasant Valley significant damages.

46.     Sanchez-Medina has been unjustly enriched at Pleasant Valley's expense.

47.     Under these circumstances, allowing Sanchez-Medina to retain the fees it received from Pleasant Valley is inequitable.

8

## PRAYER FOR RELIEF

WHEREFORE, Pleasant Valley respectfully requests the Court to enter judgment in its favor on all claims against the Defendant, and to award such other and further relief as the Court deems just and proper, including, but not limited to:

A.      Compensatory damages in the amount of $280,000.00;

B.      Punitive damages;

B.      An award of costs and attorney fees incurred with respect to the commencement and prosecution of this action;

C.      Prejudgment and post-judgment interest at the applicable rates pursuant to Federal Code of Civil Procedure;

E.      Such further relief as the Court deems just and equitable under the circumstances.


## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all issues so triable.


Date: August 23, 2013                              Respectfully submitted,


                                                   By: s/ Jonathan Pollard

                                                   Jonathan E. Pollard
                                                   Florida Bar No. 83613
                                                   Jonathan Pollard, LLC
                                                   401 E. Las Olas Blvd. #1400
                                                   Fort Lauderdale, FL 33301
                                                   Telephone: 954-332-2380
                                                   Facsimile: 866-594-5731
                                                   jpollard@pollardllc.com

                                                   *Attorney for Plaintiff*
                                                   *Pleasant Valley Biofulels, LLC*