UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23046-CIV-COHN/SELTZER

PLEASANT VALLEY BIOFUELS, LLC,

    Plaintiff,

v.

SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, CRESPO, GOMEZ &
MACHADO LLP,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss the Complaint [DE 10] ("Motion"). The Court has considered the Motion and Plaintiff's Opposition [DE 15], and is otherwise advised in the premises.

**I.  BACKGROUND**

This action arises out of a failed loan transaction between Plaintiff Pleasant Valley Biofuels, LLC and a third party, Quest Capital Finance, Inc. ("Quest"). Plaintiff sought financing from Quest in 2011. DE 1 at 1. As part of this transaction, Plaintiff was required to pay a deposit of $280,000 (the "Deposit") into escrow. Id. ¶ 11. Quest arranged for Defendant Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP to act as escrow agent. Id. ¶ 12. The relationship was memorialized in an agreement executed by Plaintiff, Defendant, and Quest (the "Escrow Agreement") on August 31, 2011. Id. ¶ 13. The Escrow Agreement provided that Defendant would hold the Deposit in escrow, and would not disburse the Deposit until it received written confirmation that pre-established distribution criteria were satisfied. Id. ¶¶ 15–16. The

Escrow Agreement also exculpated Defendant from any liability relating to the Escrow Agreement, except for liability arising out of Defendant's own gross negligence or willful misconduct.  DE 10-1 at 5.[1]

Plaintiff transferred the Deposit to Defendant after the execution of the Escrow Agreement.  DE 1 ¶ 14.  Plaintiff and Quest did not close the loan transaction, and Defendant eventually became obligated to return the Deposit to Plaintiff.  Id. ¶¶ 23–25.  Plaintiff subsequently learned, however, that Defendant had disbursed the Deposit to Quest.  Id. ¶ 22.  Plaintiff alleges that Defendant transferred the Deposit to Quest despite having received no written confirmation that the distribution criteria were satisfied, and having even received a document from Quest stating that the requirements for distribution of the Deposit were unsatisfied.  Id. ¶¶ 18–21.  On August 23, 2013, Plaintiff commenced this action, asserting the following claims against Defendant for its alleged mishandling of the Deposit: (1) breach of contract; (2) negligence; (3) breach of fiduciary duty; and (4) unjust enrichment.  Id. ¶¶ 27–47.  Defendant has moved to dismiss.

## II.  DISCUSSION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).  "Factual allegations must be

---

[1] In resolving the Motion, the Court may consider the Escrow Agreement, which is appended as an exhibit to the Complaint and to the Motion.  See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).  The Escrow Agreement is central to Plaintiff's claims, and its authenticity has not been challenged.

enough to raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id. at 556 (internal quotation marks omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

**B. Analysis**

Defendant contends that the Escrow Agreement exculpates it from liability except in cases of gross negligence or willful misconduct.  Defendant argues that Plaintiff has not alleged facts sufficient to plead gross negligence or willful misconduct, therefore its claims are precluded by the terms of the Escrow Agreement.  Because the Court finds that Plaintiff has sufficiently pled gross negligence, however, the Escrow Agreement's exculpatory provisions do not provide a basis for dismissal of this action.

Grossly negligent conduct is action taken with the knowledge of probable negative consequences to another that evinces a conscious disregard of those consequences.  Mukamal v. BMO Harris Bank N.A. (In re Palm Beach Fin. Partners, L.P.), 488 B.R. 758, 780 (Bankr. S.D. Fla. 2013).  The parties have attempted to

3

delineate for the Court the precise pleading requirements for gross negligence under Florida law.  The standards they propose, however, arise from the personal injury context, and require a potential "danger," "peril," and "imminence" of harm that sits awkwardly in the financial context of this action.  See DE 10 at 5 (citing NOB Holdings Corp. v. Liberty Mut. Ins. Co. (In re PSN USA, Inc.), 426 B.R. 916, 922 (Bankr. S.D. Fla. 2010) (drawing from workers compensation context for gross negligence standard), and In re Palm Beach Fin. Partners, L.P., 488 B.R. at 780 (same)); DE 15 at 3 (citing Hoyt v. Corbett, 559 So. 2d 98, 100 (Fla. 4th DCA 1990) (personal injury case)).

      Stepping away from personal injury precedent, however, gross negligence is more broadly defined as an absence of even slight care.  Griffith v. Shamrock Village, Inc., 94 So. 2d 854, 858 (Fla. 1957).  The case of Russell v. Dalby, 573 So. 2d 133 (Fla. 2d DCA 1991), illustrates the application of this definition in a dispute over an escrow arrangement gone wrong.  In Russell, an escrow agent entirely failed to perform the responsibilities of its engagement, disbursing funds without the slightest regard for the prerequisites for disbursement and without alerting the aggrieved party.  Id. at 133.  In finding that the escrow agent's actions could constitute gross negligence, the Russell court noted the paucity of precedent defining gross negligence outside of the personal injury context.  Id. at 134.  Nevertheless, the court held that a jury could have concluded that the escrow agent "failed to exercise even the slightest degree of care in the performance of its duty" as escrow agent, thereby acting with gross negligence.  Id. The appellate court in Russell therefore reversed the lower court's grant of summary judgment in favor of the defendants on the issue of gross negligence.  Id.

Here, the circumstances alleged in the Complaint are similar to those of Russell. Defendant was engaged as escrow agent, and was charged with disbursing funds it held only upon the satisfaction of certain conditions.  DE 1 ¶¶ 15–16.  Plaintiff alleges that, though the conditions for disbursement of the Deposit were never satisfied, and though Defendant was even informed that the conditions were unsatisfied, Defendant disbursed the Deposit to Quest.  Id. ¶¶ 19–22.  Further, Defendant failed to notify Plaintiff that it had disbursed the Deposit to Quest.  Id. ¶ 22.  Finally, Defendant was allegedly derelict in failing to retain the Deposit and return it to Plaintiff upon termination of the Escrow Agreement.  Id. ¶¶ 24–26.  As in Russell, Plaintiff has alleged that Defendant wrongfully disbursed the funds held in escrow without regard for the terms of disbursement and without alerting Plaintiff.  See 573 So. 2d at 133.  These allegations, taken as true for purposes of a motion to dismiss, illustrate Defendant's "fail[ure] to exercise even the slightest degree of care in the performance of its duty" as escrow agent, similar to the failure of the defendant in Russell that was held sufficient to create an issue of fact as to gross negligence.  See id. at 134.

The Court accordingly rejects Defendant's contention that the Escrow Agreement's exculpatory provisions require dismissal of this action.  The Escrow Agreement may preclude Defendant's liability except in cases of gross negligence or willful misconduct, however Plaintiff has plausibly alleged that its claims arise out of Defendant's grossly negligent conduct.  The Court will deny Defendant's Motion on this basis.

### III.  CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Complaint [DE 10] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of December, 2013.

*JAMES I. COHN*
United States District Judge

Copies provided to:
Counsel of record via CM/ECF