UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23046-CIV-COHN-SELTZER

PLEASANT VALLEY BIOFUELS, LLC,

    Plaintiff,

v.

SANCHEZ-MEDINA, GONZALEZ, QUESADA,
LAGE, CRESPO, GOMEZ & MACHADO LLP,

    Defendant.

_____/

**DEFENDANT SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, CRESPO, GOMEZ & MACHADO LLP'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM AGAINST PLAINTIFF**

Defendant, Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP ("SMGQ"), by and through the undersigned counsel and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby responds to the Complaint filed by the plaintiff, Pleasant Valley Biofuels, LLC ("PV Biofuels") as follows.

## INTRODUCTION

The "Introduction" section appears to be a summary of the lawsuit in violation of Federal Rule of Civil Procedure 10(a). To the extent that a response is required, SMGQ admits this case involves a loan from Quest Capital Finance to PV Biofuels and that SMGQ served as escrow agent. SMGQ otherwise lacks knowledge sufficient to form a belief about the truth of, otherwise denies the remaining allegations in this section.

## THE PARTIES

1.    SMGQ is without knowledge as to the allegation contained in Paragraph 1 and it is therefore denied.

2. SMGQ admits the allegations contained in Paragraph 2.

**JURSIDCTION & VENUE**

3. SMGQ admits the allegation contained in Paragraph 3 for jurictional purposes only; denied for any other purpose.

4. SMGQ admits the allegation contained in Paragraph 4 for jurisdictional purposes only; denied for any other purpose.

5. SMGQ admits the allegation contained in Paragraph 5 for jurisdictional purposes only; denied for any other purpose.

6. SMGQ admits the allegation contained in Paragraph 6 for jurisdictional purposes only; denied for any other purpose.

**GENERAL ALLEGATIONS**

7. SMGQ is without knowledge as to the allegation contained in Paragraph 7 and it is therefore denied.

8. SMGQ is without knowledge as to the allegation contained in Paragraph 8 and it is therefore denied.

9. SMGQ is without knowledge as to the allegations contained in Paragraph 9 and they are therefore denied.

10. SMGQ is without knowledge as to the allegations contained in Paragraph 10 and they are therefore denied.

11. SMGQ is without knowledge as to the allegations contained in Paragraph 11 and they are therefore denied.

12. SMGQ admits Quest Capital Finance arranged for Defendant to serve as an escrow agent; Defendant is without knowledge as to the remaining allegation contained in Paragraph 12 and it is therefore denied.

13. SMGQ admits PV Biofuels, Quest Capital Finance, and Defendant executed an escrow agreement but denies the date upon which Defendant executed the agreement as it is alleged in Paragraph 13.

14. SMGQ admits the allegations contained in Paragraph 14.

15. SMGQ denies the allegations contained in Paragraph 15, as they provide an incomplete reference to the term of the Escrow Agreement referenced; SMGQ admits that Section 1.A of the Escrow Agreement states as follows:

> The Escrow Deposit shall be held in escrow until Lender confirms in writing to the Borrower and the Escrow Agent that the Loan is approved and is not subject to any contingencies; that all loan or transaction documents have been prepared and are fully executed and held in a pre-closing escrow by Lender; that first draw of the funds for the Loan are now available and will be wire transferred to the Borrower upon Lender's receipt of the Bank Instrument; and that there are no impediments to proceeding with and closing the Loan. Lender will issue written confirmation (the "Commitment Letter") that each of the requirements outlined above have been satisfied. A signed ropy of the formal funding Commitment Letter ("Commitment" herein) by both Borrower and Lender will be provided by fax or e-mail to the Escrow Agent. Escrow Agent agrees to follow the instructions of the release of funds in the mutually agreed upon funding Commitment by Borrower and Lender.

16. SMGQ denies the allegation contained in Paragraph 16, as it provides an incomplete reference to the term of the Escrow Agreement referenced; SMGQ admits that Section 1.A of the Escrow Agreement states as quoted in Paragraph 15 above.

17. SMGQ admits that Quest Capital Finance issued the formal funding Irrevocable Commitment Letter, which was signed by both Quest Capital Finance and PV Biofuels on

September 21, 2011, and which by its terms superseded all prior correspondence, commitments, and oral and other communications relating to financing arrangements between Quest Capital Finance and PV Biofuels and provided instructions for release of the deposit. SMGQ also admits that a copy was provided to SMGQ.

18.     SMGQ admits that the Commitment did not contain the statements listed in subsections (a) through (d); SMGQ is without knowledge as to the remaining allegations contained in Paragraph 18 and they are therefore denied.

19.     SMGQ denies the allegations contained in Paragraph 19.

20.     SMGQ is without knowledge as to the allegations contained in Paragraph 20 and they are therefore denied.

21.     SMGQ denies the allegations contained in Paragraph 21.

22.     SMGQ denies the allegations contained in Paragraph 22.

23.     SMGQ is without knowledge as to the allegations contained in Paragraph 23 and they are therefore denied.

24.     SMGQ denies the allegations contained in Paragraph 24.

25.     SMGQ denies the allegations contained in Paragraph 25 as phrased; Defendant otherwise asserts that the Escrow Agreement speaks for itself.

26.     SMGQ is without knowledge as to the allegations contained in Paragraph 26 and they are therefore denied.

## COUNT I
## BREACH OF CONTRACT

27.     SMGQ reincorporates its answer to the foregoing allegations as if fully set forth herein.

28. SMGQ admits the allegations contained in Paragraph 28, but further asserts that the Escrow Agreement was entered into between Quest Capital Finance, PV Biofuels and SMGQ.

29. SMGQ denies the allegations contained in Paragraph 29.

30. SMGQ denies the allegations contained in Paragraph 30.

31. SMGQ denies the allegations contained in Paragraph 31.

## COUNT II
## NEGLIGENCE

32. SMGQ reincorporates its answer to the foregoing allegations as if fully set forth herein.

33. SMGQ admits the allegations contained in Paragraph 33.

34. SMGQ admits on its roles as escrow agent, it owed a duty of ordinary, reasonable care.

35. SMGQ denies the allegations contained in Paragraph 35.

36. SMGQ denies the allegations contained in Paragraph 36.

37. SMGQ denies the allegations contained in Paragraph 37.

## COUNT III
## BREACH OF FIDUCIARY DUTY

38. SMGQ reincorporates its answer to the foregoing allegations as if fully set forth herein.

39. SMGQ admits that as escrow agent it owed fiduciary duties to Quest Capital Finance and PV Biofuels.

40. SMGQ denies the allegations contained in Paragraph 40 as phrased.

41. SMGQ denies the allegations contained in Paragraph 41.

42. SMGQ denies the allegations contained in Paragraph 42.

43. SMGQ denies the allegations contained in Paragraph 43.

## COUNT IV
## UNJUST ENRICHMENT

44. SMGQ admits that it was paid a fee for its services pursuant to the Escrow Agreement; otherwise denied.

45. SMGQ denies the allegations contained in Paragraph 45.

46. SMGQ denies the allegations contained in Paragraph 46.

47. SMGQ denies the allegations contained in Paragraph 47.

## AFFIRMATIVE DEFENSES

1. PV Biofuels' claim is barred where SMGQ acted in good faith in relying upon the terms and conditions set forth in the Escrow Agreement, the Commitment Letter, and as per the instructions from the parties to the agreement in disbursing the Deposit to Quest Capital Finance.

2. PV Biofuels is barred from recovering some or all of the alleged damages it seeks whereby SMGQ alleges and asserts that the sole cause of the loss, injury or damage complained of by Plaintiff, in whole or in part, was the result of the actions and/or omissions of other persons or parties, including but not limited to, the Third Party Defendants in this matter, Quest Capital Finance and Lucas Ford, based on their wrongful conduct and/or breach of agreements entered into between Plaintiff and Quest Capital Finance.

3. PV Biofuels is barred from recovering some or all of the alleged damages it seeks under the doctrine of comparative fault where PV Biofuels conducted itself in a negligent and careless manner and failed to exercise due diligence in its dealings with Quest Capital Finance and as a direct and proximate result of said negligence, caused or contributed to the cause of damages of which PV Biofuels now complains.

4.      PV Biofuels is barred from recovering some or all of the alleged damages sought due to its failure to take reasonable, necessary, and appropriate steps to mitigate and/or minimize its alleged damages where PV Biofuels failed to exhaust its remedies to obtain recovery of the Deposit from Quest Capital Finance.

5.      PV Biofuels cannot recover against SMGQ for the reason that the action is barred, in whole or in part, by waiver and estoppel.

6.      The extent there is any recovery in this case, SMGQ is entitled to a set-off for any collateral sources of compensation for PV Biofuels' alleged injuries and/or damages.

7.      The damages Plaintiff seeks to recover in this case include a claim for damages PV Biofuels has asserted against Quest Capital Finance, Inc. in United States District Court for the District of Idaho, Case No. 4:12-cv-00229-REB. That claim for damages includes a claim for recovery of the $280,000 escrow deposit. Therefore, any recovery must be reduced by the amount of damages recovered by PV Biofuels against Quest Capital Finance, Inc. in the District of Idaho proceedings.

8.      SMGQ expressly reserves the right to seek leave to amend its affirmative defenses to the claims asserted in the Complaint in the event it learns of additional defenses through the course of discovery.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues triable by a jury as a matter of right.

**DEFENDANT SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, CRESPO, GOMEZ & MACHADO LLP'S COUNTERCLAIM AGAINST PLAINTIFF**

Defendant, Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP ("SMGQ"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, by and through undersigned counsel, hereby asserts the following Counterclaim against Plaintiff, Pleasant Valley Biofuels, LLC ("PV Biofuels"), and in support thereof alleges as follows.

## THE PARTIES

1. Defendant, SMGQ is a law firm that is organized and existing under the laws of the State of Florida with its principal place of business in Miami, Florida.

2. Plaintiff, PV Biofuels, is an Idaho corporation organized and existing under the laws of the State of Idaho with its principal place of business in Idaho.

## JURSIDICTION AND VENUE

3. This is an action for indemnification against PV Biofuels in excess of $75,000.00 exclusive of interest, costs and attorney's fees.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## GENERAL ALLEGATIONS

5. PV Biofuels filed the underlying action against SMGQ on August 23, 2013, alleging claims for breach of contract, negligence, breach of fiduciary duty, and unjust enrichment.

6. SMGQ has denied the allegations made by PV Biofuels against SMGQ in the underlying action.

7. SMGQ executed an Escrow Agreement on September 1, 2011 with PV Biofuels and Quest Capital Finance Corporation ("Quest") whereby SMGQ agreed to serve as the escrow agent for a loan transaction between PV Biofuels and Quest.

8. Pursuant to the General Provisions of the Escrow Agreement, PV Biofuels agreed to indemnify and hold SMGQ harmless against any loss, liability, damage, cost or expense, including reasonable attorney's fees (a) related in any way to SMGQ's acting upon any notice, request, waiver, consent, receipt or other paper or document believed by SMGQ to be signed by PV Biofuels or Quest or any other proper person, and (b) incurred in connection with any act or thing done pursuant to the agreement.

9. Pursuant to the General Provisions of the Escrow Agreement, PV Biofuels agreed that SMGQ shall not be liable for any error or judgment or for any act done or step taken or omitted by it in good faith or for any mistake of fact or law or for anything which SMGQ may do or refrain from doing in connection with the Escrow Agreement, except its own gross negligence or willful misconduct.

10. Pursuant to the General Provisions of the Escrow Agreement, PV Biofuels agreed that in consideration of acceptance of the appointment of escrow agent by SMGQ, PV Biofuels agreed to indemnify and hold SMGQ harmless as to any liability incurred by SMGQ to any person, firm or corporation by reason of its having accepted same or in carrying out any of the terms hereof, and to reimburse SMGQ for all its expenses, including among other things, counsel fees and court costs incurred by reason of its position or actions taken pursuant to the escrow instructions.

11. Pursuant to the General Provisions of the Escrow Agreement, PV Biofuels agreed that SMGQ shall not be liable to it for any actions taken pursuant to the terms of the Escrow Agreement.

12. The contractual indemnification and hold harmless obligation is binding upon and enforceable against Pleasant Valley.

13. The undersigned has been retained to represent SMGQ in this action for reasonable attorneys' fees for services rendered. Additionally, SMGQ retained counsel for defense of the lawsuit filed by PV Biofuels in United States District Court for the District of Idaho, Case No. 4:12-cv-00229-REB, and paid reasonable attorney's fees for services rendered.

## COUNT I
## CONTRACTUAL INDEMNIFICATION

14. SMGQ re-alleges and reincorporates paragraphs 1-12 as if fully set forth herein.

15. The Escrow Agreement formed a contractual relationship between PV Biofuels and SMGQ.

16. Pursuant to the Escrow Agreement, PV Biofuels agreed to indemnify and hold SMGQ harmless, to the extent and in accordance with the Escrow Agreement, with respect to the claims asserted against SMGQ by PV Biofuels for breach of contract, negligence, breach of fiduciary duty, and unjust enrichment.

17. By filing a Complaint and seeking damages from against SMGQ, Pleasant Valley has materially breached its contractual duty to indemnify and hold SMGQ harmless with respect to liabilities and damages for claims asserted against SMGQ by PV Biofuels.

18. As a result of Pleasant Valley's breach of this contractual duty to indemnify and hold SMGQ harmless, SMGQ has suffered damages and will continue to suffer damages, including attorney's fees and costs for litigating, defending against the claims made against it and prosecuting this Counterclaim.

19. SMGQ's damages were foreseeably caused by Pleasant Valley's breach of its contractual duty to indemnify and hold SMGQ harmless.

WHEREFORE, Defendant, SMGQ, demands a jury trial and respectfully requests this Court to enter judgment against PV Biofuels and award SMGQ damages, along with attorney's

fees and costs incurred in defending all claims brought against SMGQ herein and in prosecuting this Counterclaim, and such further relief as the Court deems just and proper.

Date: January 10, 2014                                  Respectfully submitted,

                                                        s/ Rachel A. Lyons
                                                        Onier Llopiz (FBN 579475)
                                                        ol@lydeckerdiaz.com
                                                        Joan Carlos Wizel (FBN 37903)
                                                        jcw@lydeckerdiaz.com
                                                        Rachel A. Lyons (FBN 105347)
                                                        rlyons@lydeckerdiaz.com
                                                        LYDECKER│DIAZ
                                                        1221 Brickell Avenue, 19th Floor
                                                        Miami, Florida 33131
                                                        Telephone: (305) 416-3180
                                                        Facsimile:  (305) 416-3190

                                                        *Attorneys for Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

                                                        s/ Rachel A. Lyons
                                                        Rachel A. Lyons (FBN 105347)

## SERVICE LIST

Johnathan Pollard
Johnathan Pollard, LLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
jpollard@pollardllc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23046-CIV-COHN-SELTZER

PLEASANT VALLEY BIOFUELS, LLC,

    Plaintiff,

v.

SANCHEZ-MEDINA, GONZALEZ, QUESADA,
LAGE, CRESPO, GOMEZ & MACHADO LLP,

    Defendant.

_____/

**DEFENDANT SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, CRESPO, GOMEZ & MACHADO LLP'S THIRD PARTY COMPLAINT AGAINST QUEST CORPORATION, STEVEN WORTON, AND LUCAS FORD**

COMES NOW Defendant/Third-Party Plaintiff, Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP ("SMGQ"), by and through the undersigned counsel and pursuant to Rule 14 of the Federal Rules of Civil Procedure, hereby files this Third-Party Complaint against Quest Corporation, a Nevada Corporation, Steven Worton, and Lucas Ford (collectively "Defendants"), and in support thereof alleges as follows.

**THE PARTIES**

1.    Quest Corporation ("Quest") is a corporation organized and in existence under the laws of the State of Nevada which does business in the state of California as Quest Capital Finance Corporation.

2.    Steven Worton, an individual, is a citizen of the state of Idaho, and at all material times to the allegations in this Third-Party Complaint was the President and Chief Executive Officer of Pleasant Valley Biofuels, LLC, a corporation organized and existing under the laws of the State of Idaho.

3. Lucas Ford, an individual, is a citizen of the state of California, and at all material times to the allegations in this Third-Party Complaint was the Chief Operations Officer of Quest Capital Finance Corporation, a corporation organized and existing under the laws of the State of California.

**JURSIDICTION AND VENUE**

4. This is a Third-Party Complaint seeking indemnification for the claims made by Plaintiff, Pleasant Valley Biofuels, LLC ("PV Biofuels"), against SMGQ in its Complaint [DE 1] in this action.

5. This is a derivative third-party action within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1) where PV Biofuels, in its Complaint against SMGQ, alleges that this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) where the Third Party Plaintiff/Defendant, SMGQ, is located in Florida.

**GENERAL ALLEGATIONS**

5. Pursuant to the Complaint [DE 1] filed on August 23, 2013 by PV Biofuels, PV Biofuels seeks damages against SMGQ for breach of contract, negligence, breach of fiduciary duty, and unjust enrichment. The Complaint is attached hereto as Exhibit A.

6. SMGQ has denied the allegations made by PV Biofuels against SMGQ in the lawsuit.

7. SMGQ executed an Escrow Agreement on September 1, 2011 with PV Biofuels and Quest Capital Finance Corporation ("Quest") whereby SMGQ agreed to serve as the escrow

2

agent for a loan transaction between PV Biofuels and Quest. The Escrow Agreement is attached hereto as Exhibit B.

8. The Escrow Agreement was specifically signed and executed by Steven Worton, the President and Chief Executive Officer of PV Biofuels, and Lucas Ford, the Chief Operations Officer of Quest.

9. Pursuant to the General Provisions of the Escrow Agreement, PV Biofuels, Quest, *and* their officers, directors, shareholders, managers, agents and employees agreed to indemnify and hold SMGQ harmless against any loss, liability, damage, cost or expense, including reasonable attorney's fees, (a) related in any way to SMGQ's acting upon any notice, request, waiver, consent, receipt or other paper or document believed by SMGQ to be signed by PV Biofuels or Quest or any other proper person, and (b) incurred in connection with any act or thing done pursuant to the agreement.

10. The Escrow Agreement further provides that SMGQ shall not be liable for any error or judgment or for any act done or step taken or omitted by it in good faith or for any mistake of fact or law or for anything which SMGQ may do or refrain from doing in connection with the Escrow Agreement, except its own gross negligence or willful misconduct.

11. The contractual indemnification and hold harmless obligation is binding upon and enforceable against Quest, Steven Worton, and Lucas Ford.

12. The undersigned has been retained to represent SMGQ in this action for reasonable attorneys' fees for services rendered. Additionally, SMGQ retained counsel for defense of the lawsuit filed by PV Biofuels in United States District Court for the District of Idaho, Case No. 4:12-cv-00229-REB, and paid reasonable attorney's fees for services rendered.

3

## COUNT I
## CONTRACTUAL INDEMNIFICATION AGAINST QUEST

12.     SMGQ realleges and reincorporates the General Allegations as if fully set forth herein.

13.     Pursuant to the Escrow Agreement entered into between Quest and SMGQ, Quest, as indemnitor, owes a contractual duty to SMGQ to indemnify and hold SMGQ harmless, to the extent and in accordance with the Escrow Agreement with respect to the claims asserted against SMGQ by Pleasant Valley for breach of contract, negligence, breach of fiduciary duty, and unjust enrichment.

14.     To the extent that SMGQ is found liable to Pleasant Valley for the claims alleged in the Complaint, SMGQ is entitled to contractual indemnification from Quest such that Quest should be responsible for any and all losses, liability, damage, costs or expenses, including reasonable attorney's fees incurred by SMGQ.

15.     As a result of Pleasant Valley's suit against SMGQ, SMGQ has suffered damages and will continue to suffer damages, including attorney's fees and costs for litigating, defending and prosecuting this action.

## COUNT II
## CONTRACTUAL INDEMNIFICATION AGAINST STEVEN WORTON

16.     SMGQ realleges and reincorporates the General Allegations as if fully set forth herein.

17.     Pursuant to the Escrow Agreement, Steven Worton, as indemnitor, owes a contractual duty to SMGQ to indemnify and hold SMGQ harmless, to the extent and in accordance with the Escrow Agreement with respect to the claims asserted against SMGQ by

Pleasant Valley for breach of contract, negligence, breach of fiduciary duty, and unjust enrichment.

18. To the extent that SMGQ is found liable to Pleasant Valley for the claims alleged in the Complaint, SMGQ is entitled to contractual indemnification from Steven Worton such that Steven Worton should be responsible for any and all losses, liability, damage, costs or expenses, including reasonable attorney's fees incurred by SMGQ.

19. As a result of Pleasant Valley's suit against SMGQ, SMGQ has suffered damages and will continue to suffer damages, including attorney's fees and costs for litigating, defending and prosecuting this action.

## COUNT III
## CONTRACTUAL INDEMNIFICATION AGAINST LUCAS FORD

20. SMGQ realleges and reincorporates the General Allegations as if fully set forth herein.

21. Pursuant to the Escrow Agreement, Lucas Ford, as indemnitor, owes a contractual duty to SMGQ to indemnify and hold SMGQ harmless, to the extent and in accordance with the Escrow Agreement with respect to the claims asserted against SMGQ by Pleasant Valley for breach of contract, negligence, breach of fiduciary duty, and unjust enrichment.

22. To the extent that SMGQ is found liable to Pleasant Valley for the claims alleged in the Complaint, SMGQ is entitled to contractual indemnification from Lucas Ford such that Lucas Ford should be responsible for any and all losses, liability, damage, costs or expenses, including reasonable attorney's fees incurred by SMGQ.

23. As a result of Pleasant Valley's suit against SMGQ, SMGQ has suffered damages and will continue to suffer damages, including attorney's fees and costs for litigating, defending and prosecuting this action.

WHEREFORE, Third-Party Plaintiff/Defendant, SMGQ, demands a jury trial and respectfully requests this Court to enter judgment against Defendants and award SMGQ any damages which SMGQ may be obligated to pay as an award/settlement to Pleasant Valley, along with attorney's fees and costs incurred in defending all claims brought against SMGQ herein and such further relief as the Court deems just and proper.

Date: January 10, 2014

Respectfully submitted,

s/ Rachel A. Lyons
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Rachel A. Lyons (FBN 105347)
rlyons@lydeckerdiaz.com
LYDECKER│DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

*Attorneys for Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP*