UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23046-CIV-COHN-SELTZER

PLEASANT VALLEY BIOFUELS, LLC,

    Plaintiff,

v.

SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, CRESPO, GOMEZ &
MACHADO LLP,

    Defendant and Third-Party Plaintiff,

v.

QUEST CORPORATION, STEVE WORTON,
and LUCAS FORD,

    Third-Party Defendants.
_____/

**DEFENDANT SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, CRESPO, GOMEZ & MACHADO LLP'S FIRST AMENDED ANSWER AND <u>AFFIRMATIVE DEFENSES</u>**

Defendant, Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP ("SMGQ"), by and through the undersigned counsel and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and this Court's Order Granting Motion to Modify Scheduling Order [DE 29], hereby amends its Answer and Affirmative Defenses as follows.

**INTRODUCTION**

The "Introduction" section appears to be a summary of the lawsuit in violation of Federal Rule of Civil Procedure 10(a). To the extent that a response is required, SMGQ admits this case involves a loan from Quest Capital Finance to PV Biofuels and that SMGQ served as escrow

agent. SMGQ otherwise lacks knowledge sufficient to form a belief about the truth of, otherwise denies the remaining allegations in this section.

## THE PARTIES

1.   SMGQ is without knowledge as to the allegation contained in Paragraph 1 and it is therefore denied.

2.   SMGQ admits the allegations contained in Paragraph 2.

## JURSIDCTION & VENUE

3.   SMGQ admits the allegation contained in Paragraph 3 for jurisdictional purposes only; denied for any other purpose.

4.   SMGQ admits the allegation contained in Paragraph 4 for jurisdictional purposes only; denied for any other purpose.

5.   SMGQ admits the allegation contained in Paragraph 5 for jurisdictional purposes only; denied for any other purpose.

6.   SMGQ admits the allegation contained in Paragraph 6 for jurisdictional purposes only; denied for any other purpose.

## GENERAL ALLEGATIONS

7.   SMGQ is without knowledge as to the allegation contained in Paragraph 7 and it is therefore denied.

8.   SMGQ is without knowledge as to the allegation contained in Paragraph 8 and it is therefore denied.

9.   SMGQ is without knowledge as to the allegations contained in Paragraph 9 and they are therefore denied.

10. SMGQ is without knowledge as to the allegations contained in Paragraph 10 and they are therefore denied.

11. SMGQ is without knowledge as to the allegations contained in Paragraph 11 and they are therefore denied.

12. SMGQ admits Quest Capital Finance arranged for Defendant to serve as an escrow agent; Defendant is without knowledge as to the remaining allegation contained in Paragraph 12 and it is therefore denied.

13. SMGQ admits PV Biofuels, Quest Capital Finance, and Defendant executed an escrow agreement but denies the date upon which Defendant executed the agreement as it is alleged in Paragraph 13.

14. SMGQ admits the allegations contained in Paragraph 14.

15. SMGQ denies the allegations contained in Paragraph 15, as they provide an incomplete reference to the term of the Escrow Agreement referenced; SMGQ admits that Section 1.A of the Escrow Agreement states as follows:

> The Escrow Deposit shall be held in escrow until Lender confirms in writing to the Borrower and the Escrow Agent that the Loan is approved and is not subject to any contingencies; that all loan or transaction documents have been prepared and are fully executed and held in a pre-closing escrow by Lender; that first draw of the funds for the Loan are now available and will be wire transferred to the Borrower upon Lender's receipt of the Bank Instrument; and that there are no impediments to proceeding with and closing the Loan. Lender will issue written confirmation (the "Commitment Letter") that each of the requirements outlined above have been satisfied. A signed ropy of the formal funding Commitment Letter ("Commitment" herein) by both Borrower and Lender will be provided by fax or e-mail to the Escrow Agent. Escrow Agent agrees to follow the instructions of the release of funds in the mutually agreed upon funding Commitment by Borrower and Lender.

16. SMGQ denies the allegation contained in Paragraph 16, as it provides an incomplete reference to the term of the Escrow Agreement referenced; SMGQ admits that Section 1.A of the Escrow Agreement states as quoted in Paragraph 15 above.

17. SMGQ admits that Quest Capital Finance issued the formal funding Irrevocable Commitment Letter, which was signed by both Quest Capital Finance and PV Biofuels on September 21, 2011, and which by its terms superseded all prior correspondence, commitments, and oral and other communications relating to financing arrangements between Quest Capital Finance and PV Biofuels and provided instructions for release of the deposit. SMGQ also admits that a copy was provided to SMGQ.

18. SMGQ admits that the Commitment did not contain the statements listed in subsections (a) through (d); SMGQ is without knowledge as to the remaining allegations contained in Paragraph 18 and they are therefore denied.

19. SMGQ denies the allegations contained in Paragraph 19.

20. SMGQ is without knowledge as to the allegations contained in Paragraph 20 and they are therefore denied.

21. SMGQ denies the allegations contained in Paragraph 21.

22. SMGQ denies the allegations contained in Paragraph 22.

23. SMGQ is without knowledge as to the allegations contained in Paragraph 23 and they are therefore denied.

24. SMGQ denies the allegations contained in Paragraph 24.

25. SMGQ denies the allegations contained in Paragraph 25 as phrased; Defendant otherwise asserts that the Escrow Agreement speaks for itself.

26. SMGQ is without knowledge as to the allegations contained in Paragraph 26 and they are therefore denied.

## COUNT I
## BREACH OF CONTRACT

27. SMGQ reincorporates its answer to the foregoing allegations as if fully set forth herein.

28. SMGQ admits the allegations contained in Paragraph 28, but further asserts that the Escrow Agreement was entered into between Quest Capital Finance, PV Biofuels and SMGQ.

29. SMGQ denies the allegations contained in Paragraph 29.

30. SMGQ denies the allegations contained in Paragraph 30.

31. SMGQ denies the allegations contained in Paragraph 31.

## COUNT II
## NEGLIGENCE

32. SMGQ reincorporates its answer to the foregoing allegations as if fully set forth herein.

33. SMGQ admits the allegations contained in Paragraph 33.

34. SMGQ admits on its roles as escrow agent, it owed a duty of ordinary, reasonable care.

35. SMGQ denies the allegations contained in Paragraph 35.

36. SMGQ denies the allegations contained in Paragraph 36.

37. SMGQ denies the allegations contained in Paragraph 37.

## COUNT III
## BREACH OF FIDUCIARY DUTY

38.     SMGQ reincorporates its answer to the foregoing allegations as if fully set forth herein.

39.     SMGQ admits that as escrow agent it owed fiduciary duties to Quest Capital Finance and PV Biofuels.

40.     SMGQ denies the allegations contained in Paragraph 40 as phrased.

41.     SMGQ denies the allegations contained in Paragraph 41.

42.     SMGQ denies the allegations contained in Paragraph 42.

43.     SMGQ denies the allegations contained in Paragraph 43.

## COUNT IV
## UNJUST ENRICHMENT

44.     SMGQ admits that it was paid a fee for its services pursuant to the Escrow Agreement; otherwise denied.

45.     SMGQ denies the allegations contained in Paragraph 45.

46.     SMGQ denies the allegations contained in Paragraph 46.

47.     SMGQ denies the allegations contained in Paragraph 47.

## **AFFIRMATIVE DEFENSES**

1.      PV Biofuels' claim is barred where SMGQ acted in good faith in relying upon the terms and conditions set forth in the Escrow Agreement, the Commitment Letter, and as per the instructions from the parties to the agreement in disbursing the Deposit to Quest Capital Finance Corporation ("Quest").

2.      PV Biofuels is barred from recovering some or all of the alleged damages it seeks whereby SMGQ alleges and asserts that the sole cause of the loss, injury or damage complained

of by Plaintiff, in whole or in part, was the result of the actions and/or omissions of other persons or parties, including but not limited to, the Third Party Defendants in this matter, Quest Corporation, a Nevada Corporation operating under the laws of the State of California as Quest Capital Finance Corporation, and Lucas Ford, based on their wrongful conduct and/or breach of agreements entered into between Plaintiff and Quest.

3. PV Biofuels is barred from recovering some or all of the alleged damages it seeks under the doctrine of comparative fault where PV Biofuels conducted itself in a negligent and careless manner and failed to exercise due diligence in its dealings with Quest and as a direct and proximate result of said negligence, caused or contributed to the cause of damages of which PV Biofuels now complains.

4. PV Biofuels is barred from recovering some or all of the alleged damages sought due to its failure to take reasonable, necessary, and appropriate steps to mitigate and/or minimize its alleged damages where PV Biofuels failed to exhaust its remedies to obtain recovery of the Deposit from Quest.

5. PV Biofuels cannot recover against SMGQ for the reason that the action is barred, in whole or in part, by waiver and estoppel.

6. To the extent there is any recovery in this case SMGQ is entitled to a set-off for any collateral sources of compensation for PV Biofuels' alleged injuries and/or damages.

7. The damages Plaintiff seeks to recover in this case include a claim for damages PV Biofuels has asserted against Quest in United States District Court for the District of Idaho, Case No. 4:12-cv-00229-REB. That claim for damages includes a claim for recovery of the $280,000 escrow deposit. Therefore, any recovery must be reduced by the amount of damages recovered by PV Biofuels against Quest in the District of Idaho proceedings.

8. SMGQ expressly reserves the right to seek leave to amend its affirmative defenses to the claims asserted in the Complaint in the event it learns of additional defenses through the course of discovery.

9. PV Biofuels cannot recover from SMGQ where pursuant to the terms of the Commitment Letter entered into between PV Biofuels and Quest, PV Biofuels forfeited the entire Deposit by filing a lawsuit against Quest rather than resolving and deciding the dispute exclusively by binding arbitration.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues triable by a jury as a matter of right.

Date: January 30, 2014                    Respectfully submitted,

s/ Rachel A. Lyons
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Rachel A. Lyons (FBN 105347)
rlyons@lydeckerdiaz.com
LYDECKER│DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

*Attorneys for Sanchez-Medina, Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 30, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Rachel A. Lyons<br>
Rachel A. Lyons (FBN 105347)

**SERVICE LIST**

Johnathan Pollard
Johnathan Pollard, LLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
jpollard@pollardllc.com