UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23046-CIV-COHN/SELTZER

PLEASANT VALLEY BIOFUELS, LLC,

    Plaintiff,

v.

SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, CRESPO, GOMEZ &
MACHADO LLP,

    Defendant,

v.

QUEST CORPORATION, STEVEN
WORTON, and LUCAS FORD,

    Third-Party Defendants.
_____/

## ORDER DENYING JOINT MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Pleasant Valley Biofuels, LLC and Steven Worton's Joint Motion to Dismiss Claim for Contractual Indemnification [DE 31] ("Motion"). The Court has reviewed the Motion and Defendant's Opposition [DE 33], and is otherwise advised in the premises.

**I.  BACKGROUND**

This action arises out of a failed loan transaction between Plaintiff Pleasant Valley Biofuels, LLC ("Pleasant Valley") and Quest Capital Finance ("Quest Capital"). Pleasant Valley sought financing from Quest Capital in 2011. DE 1 at 1. As part of this transaction, Pleasant Valley was required to pay a deposit of $280,000 (the "Deposit") into escrow. Id. ¶ 11. Quest Capital arranged for Defendant Sanchez-Medina,

Gonzalez, Quesada, Lage, Crespo, Gomez & Machado LLP ("SMGQ") to act as escrow agent. Id. ¶ 12. The relationship was memorialized in an agreement executed by Pleasant Valley, SMGQ, and Quest Capital (the "Escrow Agreement") on August 31, 2011. Id. ¶ 13. The Escrow Agreement provided that SMGQ would hold the Deposit in escrow, and would not disburse the Deposit until it received written confirmation that pre-established distribution criteria were satisfied. Id. ¶¶ 15–16. The Escrow Agreement exculpated SMGQ from any liability relating to the agreement, except for liability arising out of SMGQ's own gross negligence or willful misconduct. DE 10-1 at 5.[1] Pleasant Valley and Quest Capital also agreed to indemnify SMGQ for expenses and liabilities arising from its acts as escrow agent. Id. at 5–6. Finally, the Escrow Agreement provided that it would be governed by Florida law. Id. at 7.

Pleasant Valley transferred the Deposit to SMGQ after the execution of the Escrow Agreement. DE 1 ¶ 14. Pleasant Valley and Quest Capital did not close the loan transaction, and SMGQ became obligated to return the Deposit to Pleasant Valley. Id. ¶¶ 23–25. Pleasant Valley subsequently learned, however, that SMGQ had disbursed the Deposit to Quest Capital. Id. ¶ 22. Pleasant Valley alleges that SMGQ transferred the Deposit to Quest Capital despite having received no written confirmation that the distribution criteria were satisfied, and having even received a document from Quest Capital stating that the requirements for distribution of the Deposit were not met. Id. ¶¶ 18–21. On August 23, 2013, Pleasant Valley commenced this action, asserting the following claims against SMGQ for its alleged mishandling of the Deposit: (1) breach of

---

[1] In resolving the Motion, the Court may consider the Escrow Agreement, which is appended as an exhibit to the Complaint and SMGQ's prior Motion to Dismiss. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). The Escrow Agreement is central to the parties' claims and defenses, and its authenticity has not been challenged.

contract; (2) negligence; (3) breach of fiduciary duty; and (4) unjust enrichment. Id. ¶¶ 27–47.

SMGQ filed its Answer to the Complaint on January 10, 2014. DE 19. SMGQ concurrently asserted a counterclaim and a number of third-party claims. Id. at 8–17. The relevant causes of action for the purposes of resolving the Motion are SMGQ's claims against Pleasant Valley and Third-Party Defendant Steven Worton for contractual indemnification. In those claims, SMGQ alleges that the Escrow Agreement requires Pleasant Valley and Worton to indemnify it for its liabilities and expenses arising from Pleasant Valley's claims in this case and in a related action, Pleasant Valley Biofuels, LLC v. Quest Capital Finance, Inc., No. 12-00229 (D. Idaho). DE 19 at 10–11, 15–16. Pleasant Valley and Worton ("Movants") in turn filed their Motion, seeking to dismiss SMGQ's claims against them as unripe. DE 31 at 2.

## II.  DISCUSSION

Movants argue that SMGQ's claims against them for contractual indemnification are premature because SMGQ would only become entitled to indemnification if it prevailed in its defense of this action. Id. at 5. Contrary to Movants' assertions, however, "contractual indemnity actions [under Florida law] can be filed prior to judgment in the underlying case." BP Prods. N. Am., Inc. v. Giant Oil, Inc., 545 F. Supp. 2d 1257, 1260 (M.D. Fla. 2008) (citing Chappell v. Scarborough, 224 So. 2d 791, 796 (Fla. 1st DCA 1969)). The Court thus rejects Movants' contention that SMGQ may seek indemnification under the Escrow Agreement only after Pleasant Valley's claims in this action have been resolved.

It is accordingly **ORDERED AND ADJUDGED** that Pleasant Valley Biofuels, LLC and Steven Worton's Joint Motion to Dismiss Claim for Contractual Indemnification [DE 31] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of March, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF